UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

      Plaintiff,

vs..                                Case No. 8:10-CV-181-T-EAK-MAP

ROBERTA SCHNEIDERMAN and ROBERT D.
ZIMELIS, as Co-Executors of the Estate of Herbert
Schneiderman,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Mark A. Pizzo on February 7, 2014 (Doc. 72). The magistrate judge recommended that the Receiver's motion to lift stay and vacate arbitration award (Doc. 61) be denied.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. Objections and responses to objections were filed (Docs. 71 and 72).

**STANDARD OF REVIEW**

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to authorize a United States Magistrate Judge to conduct evidentiary hearings. 28 U.S.C. § 636. A District Court Judge may designate a United States Magistrate Judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations (i.e. R & R) for the disposition of motions for injunctive relief. 28 U.S.C. § 636(b)(1)(B). Section 636(b)(1) also states that a judge of the court shall make a de novo determination of those portions of the R & R to which objection is made. 28 U.S.C. § 636(b)(1).

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation and the Defendants' reply to the Receiver's objections. The Court finds no merit to the objections raised by the Receiver, they are mere reiterations of the claims which the Magistrate Judge so ably found lacking in the report and recommendation. The Magistrate Judge stated:

> In order to prove that the arbitrator exceed his power, the Receiver "must clear a high hurdle" because "[i]t is not enough" to show that the arbitrator "committed an error-or even a serious error." ... As set forth herein, this Court must give "considerable leeway to the arbitrator, setting aside his or her decision only in certain narrow circumstances."... After consideration, I find that the Receiver has failed to prove any grounds justifying vacature of the arbitration award. (Doc. 70, pg. 15) (citations omitted)

Accordingly, it is

**ORDERED** that the report and recommendation (Doc. 70) be **adopted** and **incorporated by reference**; the objections (Doc.71) be **overruled**; and the Receiver's motion to lift stay and to vacate arbitration award (Doc. 61) be **denied**

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 21st day of February, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge